## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

CLERK'S OFFICE U.S. DISTRICT. COURT
AT HARRISONBURG, VA
FILED

OCT 0 5 2023

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

| | | |
|---|---|---|
| **ANTWHON SUITER,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Deputy C.J. Taylor**, in his Individual and | ) | |
| Official capacity as Deputy of the Augusta County | ) | |
| Sheriff's Department | ) | Case No.: 5:23CV00062 |
| **AUGUSTA COUNTY SHERIFF'S DEPARTMENT,** | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | |
| **COMMONWEALTH OF VIRGINIA DEPARTMENT OF** | ) | |
| **STATE POLICE**, | ) | |
| Defendants. | ) | |
| | ) | |
| <u>SERVE</u> | ) | |
| | ) | |
| **Deputy C.J. Taylor., Individual and Official Capacity** | ) | |
| Augusta County Sheriff's Department | ) | |
| 127 Lee Highway, Verona Virginia 24482 | ) | COMPLAINT |
| **Augusta County Sheriff's Department**; | ) | |
| Augusta County Sheriff's Department | ) | |
| 127 Lee Highway, Verona Virginia 24482 | ) | |
| **Commonwealth of Virginia**; | ) | |
| Attorney General Jason Miyares | ) | |
| 202 North 9th St, Richmond Virginia 23219 | ) | |
| **Commonwealth of Virginia Department of State Police**; | ) | |
| Virginia State Police | ) | |
| 7700 Midlothian Turnpike North Chesterfield, Virginia 23235 | ) | |

## PLAINTIFF'S VERIFIED COMPLAINT

Plaintiff, Antwhon Suiter, a *Pro Se* litigant, files this Complaint against Defendants C.J. Taylor, Augusta County Sheriff's Department, The Commonwealth of Virginia and The Virginia State Police, in their Individual and Official capacity, for violating the Plaintiffs FIRST, FOURTH, and FOURTEENTH Amendment under the United States Constitution. The Plaintiff Antwhon Suiter seeks Monetary, Compensatory and Nominal relief.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

## NATURE OF THE ACTION

1.      This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1981, 1983, and 1988, as well as the Constitution and Laws of the Commonwealth of Virginia

2.      This case is about the Augusta County Sheriff's Deputy C.J.Taylor who was sworn into the Augusta County Sheriff's Department and a Virginia State Police Task Force Consisting of multiple local Law Enforcement agencies, that violated The Plaintiff Antwhon Suiter's FIRST, FOURTH, and FOURTEENTH rights while he was Recording a Traffic Stop/ Police Activity on 08/31/2022.

## PARTIES

3.      At the times in the issue herein, Plaintiff resided in Staunton, Virginia. At all times in the issue herein, Plaintiff, slightly built and approximately 150 lbs., is a full-time Auditor with Government Auditing Services and The President of Black Lives Matter Shenandoah Valley.

4.      At the times in issue herein, Defendant C.J.Taylor , hereinafter "Defendant Taylor," is a Augusta County Deputy Sworn into the Augusta County Sheriff's Department. He is being sued in his Official and Individual capacity.

5.      At the times in issue herein, Defendant Augusta County Sheriffs Departments , herein "Defendant ACSD," is a Sheriff's Department in the County of Augusta. The Augusta County Sheriff's Department is also Responsible for Defendant Deputy Taylor. The Augusta County Sheriff's Department is in charge of hiring and firing its deputies. Therefore The Augusta County Sheriff's Department is liable

6.      At all times in issue herein, Defendant, Commonwealth of Virginia, is the legal entity responsible for itself and for the Virginia State Police. This Defendant was also the employer of Defendant Taylor and the Virginia State Police, at all relevant times. Therefore The State of Virginia is liable.

7.      At all times in issue herein, Defendant, Commonwealth of Virginia Department of State Police, is the legal entity responsible for itself and for the Law Enforcement Officers sworn in. This Defendant is in charge of its task force and its members including Defendant Taylor, at all relevant times. Therefore The Virginia State Police Department is liable.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

9.      The Augusta County Sheriff's Department regularly conducts business within this judicial district.

10.     These events, violations and claims giving rise to this action took place within this judicial district.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the events or omissions giving rise to Plaintiff's Claims occurred in this district.

### PRELIMINARY STATEMENT OF FACTS

12.     These claims arise from an incident that occurred on August 31 2022, in which defendants acting under color of law, unlawfully, illegally and unconstitutionally detained, assaulted Mr Suiter, and Violated The Plaintiffs Constitutional rights.

13.     This is a Civil Rights action in which Plaintiff seeks relief through 42 U.S.C. § § 1981, 1983 and 1988 due to the violations of his Civil Rights and his Constitutionally Protected rights under the FIRST, FOURTH and FOURTEENTH Amendments, in addition to the Laws of the Commonwealth of Virginia.

14.     The above referenced acts caused Mr.Suiter to be deprived of his liberty and to sustain various mental injuries, including but not limited to emotional distress and mental anguish.

15.     Mr. Suiter seeks monetary damages: 1) compensatory and 2) punitive, against Defendants, as well as an award of attorney fees (if applicable), court costs, other costs and fees that Plaintiff may incur, and such other and further relief as this Court deems just and proper.

### FACTS

16.     On August 31, 2023 The County Of Augusta's Sheriff's Deputy Taylor was approaching from the opposite direction with no emergency lights activated and driving in the lane of oncoming traffic. At the Time The Plaintiff did not know the vehicle was a police officer.

17.     C.J. Taylor used tactics such as the threat of arrest and Confiscation of Mr.Suiters Cellphone as evidence of interfering with an investigation, to discourage Mr.Suiter from exercising his constitutional rights to record police and law enforcement activities.

18.     In response to the Augusta County Sheriff's office not obtaining Body and Dashcamers, Plaintiff Antwhon has vowed to do what he can to record any and as much police activity as possible within the County of Augusta and its cities within. Though the Supreme court has ruled that citizens can legally record the law enforcement and their activities, The plaintiff was well over 100 ft of the incident taking place within the City of Staunton.

Page 3 of 9

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

19.    Defendant Taylor approached The Plaintiff's vehicle and approached the Plaintiff within minutes of the Plaintiff actively recording the Police activity. Defendant Taylor quickly and forcibly grabbed the Plaintiffs hands and phone in an attempt to stop the Plaintiff from Recording.

20.    Defendant Taylor squeezed the Plaintiffs hands when he grabbed Mr Suiters Hands and Phone, then ordered an officer to arrest and cuff The Plaintiff.

21.    Additional Staunton Police Officers including a Supervisor arrived at the scene. The Arriving City Officers did not assist the Plaintiff or intervene.

22.    Defendant Taylors' actions before and after his unnecessary and excessive use of force to stop the Plaintiff from filming, were egregious and directly resulted in the injuries detailed in previous paragraphs.

23.    The actions of Defendant Taylor were grossly negligent, offensive and without legal justification or excuse

24.    Throughout this encounter the Plaintiff was not free to leave.

25.    Defendant Taylor Had no RAS (Reasonable Articulable Suspicion) of The Plaintiff Committing any crime as he was actively recording with his cellphone.

26.    Defendant Taylor had no PC (Probable Cause) to detain Mr.Suiter or no right to interfere with Mr. Suiters recording or to end The Plaintiffs video when he grabbed the Plaintiffs hands and his cellphone, as simply recording police activity does not give the Deputy a right to Detain or Touch the Plaintiff.

27.    Defendant Taylor not only Detained and Assaulted The Plaintiff, but Detained, Assaulted, Arrested and placed another innocent bystander who was also exercising his First Amendment Right in the back of a police cruiser.

28.    Defendants owed a duty to the Plaintiff to ensure their Law Enforcement Officers would not cause unprovoked harm to the Plaintiff. ALL Defendants owed a duty to the Plaintiff to respect his rights as a Citizen.

## CAUSE OF ACTION

29.    The allegations set forth in this Complaint are incorporated herein by reference.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

30.     The injuries to Plaintiff, Antwhon Suiter, were done pursuant to the preexisting and ongoing deliberate indifference to the rights of citizens in the Commonwealth of Virginia to be free from excessive force by the State Police, and Defendants Taylor, Flaherty and Settle have ongoingly encouraged, tolerated, ratified, and acquiesced to this dangerous environment of police brutality by:

a) failing to conduct sufficient training or supervision with respect to constitutional limitations on the use of force.

b) by failing to adequately punish unconstitutional uses of force

c) by tolerating the use of unconstitutional force

d) by ongoingly failing to properly or neutrally investigate citizen complaints of violence

e) by tolerating, encouraging, and permitting the filing of inaccurate and intentionally misleading police reports in an attempt to cover up misconduct.

31.     It is the longstanding deliberately indifferent custom, habit, practice and/or policy of the Defendant Commonwealth of Virginia, as well as Defendants Augusta County Sheriff's Department to permit their Law Enforcement Officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and train its officers in the appropriate limits on the use of force, knowing that these Deputies and State Troopers pose a significant risk of injury to the public.

32.     As a direct and proximate result of the negligent training and acknowledgement of the law, Defendant Deputy Taylor, under the supervision of The Commonwealth of Virginia, Virginia State Police Department, and Augusta County Sheriff's Department, violated the Plaintiffs Firsts, Fourth, and Fourteenth Amendment rights

33.     Defendant Taylor believed he had no duty to ensure Plaintiffs safety and rights were not compromised.

34.     As a direct and proximate result of all defendants' actions, Plaintiff Antwhon Suiter's fingers were aching for weeks, and Defendants caused his injuries and suffering.

35.     As a direct and proximate result of Defendant Taylor's actions, the Plaintiff has significantly suffered mentally and emotionally from this incident.

36.     As a direct and proximate result of Defendant Taylor's actions, the Plaintiffs video was ended when The Defendant Grabbed the Plaintiff and The Plaintiffs Phone.

37.     In addition to the foregoing, Plaintiff is entitled to an award of punitive and monetary damages from Defendants as a result of their Employee and Law Enforcement Officers conduct which demonstrated such recklessness as evidence of a conscious disregard for the safety of the Plaintiff and others.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

38.    The hereinabove described actions and omissions, engaged in under color of state authority by the defendants, including defendant Commonwealth of Virginia, sued as a person, responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to,his First, his Fourth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police under Title 42, United States Code, Section 1983.

39.    Attorneys' fees and costs to prevailing parties in actions brought under Title 42, United States Code, Section 1983 are authorized pursuant to Title 42, United States Code, Section 1988. Plaintiff demands and is entitled to attorney's fees.

40.    The allegations set forth in paragraphs 1 through 27 are repeated and re-alleged.

       a) The acts and conduct hereinbefore alleged constitute common law gross negligence under the laws of the Commonwealth of Virginia, and defendant Commonwealth of Virginia and Defendants are liable for damages.
       b)The acts and conduct hereinbefore alleged constitute common law assault and battery

## COUNT I -VIOLATION OF FIRST AMENDMENT
### Virginia Constitution Article I, Section 12
### First Amendment- Petition/Protest, 42 U.S.C § 1983
### Against All Defendants

41.    Plaintiff restates and realleges all previous paragraphs of this complaint.

42.    The Plaintiff's First Amendment rights were violated when the Defendants chose to Detain, assault and stop the plaintiffs recording of police activity after the Plaintiff engaged to do so.

43.    On this occasion, the defendant detained and assaulted the plaintiff under color of law and to halt Mr.Suiters ability to exercise his first amendment right and acts therein, protected by the constitution.

44.    On information and belief, The Defendant Taylor who is a Augusta County Sheriff's Deputy retaliated against Mr.Suiter for Filming the police activity in the City Of Staunton by detaining and grabbing and hurting the Plaintiff for filming.

45.    The Defendant, Deputy Taylor, intentionally ended the plaintiffs videos with his hands when he grabbed the Plaintiff

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

46.     Given the foregoing, Plaintiff is entitled to injunctive relief establishing that the acts of the defendant were and are unconstitutional and that the sheriff's Department and Virginia State Police must complete training to prohibit further constitutional rights violations.

47.     Giving the foregoing, The Defendant, By restricting The Plaintiffs right to film in public, would violate their First and Fourth amendment rights.

48.     Defendants herein violated Antwhon Suiters FIRST Amendment right.

## COUNT II- VIOLATION OF FOURTH AMENDMENT
### Fourth Amendment-Unlawful Seizure and Excessive Force, 42 U.S.C § 1983
### Against All Defendants

49.     Plaintiff restates and realleges all previous paragraphs of this complaint.

50.      Mr. Suiter was detained and assaulted by Defendants, and through the use of force and threat of arrest, terminated Mr.Suiter's freedom of movement, and to be secure in his persons without consent, a warrant or Probable cause to believe a crime had been committed

51.     The Plaintiffs Fourth amendment rights were violated when the Defendants illegally detained, assaulted Mr. Suiter.

52.     Defendants were acting under color of law when they violated the Plaintiff's Fourth Amendment right.

53.     Furthermore, the use of force and unlawful seizure of Mr.Suiters' Person was excessive and unreasonable: Plaintiff Antwhon Suiter was only engaging in a federally protected activity which was protesting when he was targeted, kidnapped, charged and arrested.

54.     Given the foregoing, Plaintiff is entitled to injunctive relief establishing that the acts of the defendant were and are unconstitutional and that the Sheriff's Department and Virginia State POlice must complete training to prohibit further constitutional rights violations.

55.     The loss of Mr.Suiters FIRST Amendment right resulted in the loss of Mr.Suiters FOURTH Amendment right.

## COUNT III - VIOLATION OF FOURTEENTH AMENDMENT
### Fourteenth Amendment-Deprivation Of Rights, Title 18, U.S.C. § 242 and 42 U.S.C § 1983
### Against All Defendants

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## Harrisonburg Division

56.     Plaintiff restates and realleges all previous paragraphs of this complaint.

57.     The Defendants willfully and knowingly deprived Mr.Suiter of his rights, privileges, and immunities secured and protected by the Constitution and Laws of the United States.

58.     Defendants knew they had no legal obligation or justification to detain, assault or violate the Plaintiff for filming.

59.     Defendants retaliated against the plaintiff for exercising his First amendment right through video recording the police.

60.     Defendants knowingly violated Mr.Suiters Fourth and Fourteenth amendment rights

61.     Given the foregoing, Plaintiff is entitled injunctive relief establishing that the acts of the defendant were and are unconstitutional and that the sheriff's Department must complete training to prohibit further constitutional rights violations.

62.     The loss of Mr.Suiters FIRST Amendment right resulted in the loss of Mr.Suiters FOURTEENTH Amendment right.

## PRAYER FOR RELIEF

Wherefore, The Plaintiff respectfully request that the Court order the following relief as a result of the Defendants' acts and conduct described herein:

        a.  Order Deputy Taylor and The Deputies of The Augusta County Sheriff's Department to Complete training regarding Federally protected activities and interactions with the public to prevent future violations.

        b.  Award The Plaintiff damages against Defendants in the sum of Two Million Dollars ($2,000,000.00) as compensation for, mental anguish, pain and suffering, and punitive, monetary damages and the violations of Mr.Suiters Constitutional rights.

        c.  Award him all available damages, including punitive, and compensatory, for the physical injury, severe emotional and mental distress, humiliation, and degradation he has suffered and all other damages suffered; attorneys' fees and costs pursuant to Title 42, United States Code, Section 1988; and such other and further relief as the Court deems just and equitable.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**

Harrisonburg Division

**TRIAL BY JUDGE IS DEMANDED**

Respectfully Submitted,

By: /s/ Antwhon S. Suiter

Antwhon Suiter, Constitutional Activist
207 Gray Ave, Staunton, VA 24401
(470)786-6830
blmsvva@gmail.com